**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |  |
|---|---|---|
| **WILLIAM HAMILTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 04-2264-CM** |
| | ) | |
| **BRAD SYSTEMS, INC. and LAWRENCE** | ) | |
| **PAPER COMPANY,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the court on plaintiff William Hamilton's Motion for Reconsideration

(Doc. 67).

**I.      Background**

On March 24, 2006, the court granted defendants Brad Systems, Inc. ("BRAD") and Lawrence

Paper Company's ("LPC") motion for summary judgment in this case, finding that the court lacked subject

matter jurisdiction over plaintiff's claim under the Age Discrimination in Employment Act ("ADEA").

Specifically, the court found that plaintiff failed to show that his employer, BRAD, employed twenty or more

employees as required for coverage by the ADEA.

Plaintiff contends that, under *Arbaugh v. Y & H Corp*., __ U.S. __, 126 S. Ct. 1235 (2006), the

court erred in dismissing his case for jurisdictional reasons.  Plaintiff specifically contends that, pursuant to

the holding in *Arbaugh*, the numerosity requirement of the ADEA is a substantive element of his claim for

relief and not a jurisdictional issue.  Thus, plaintiff argues that the court should have analyzed defendants'

summary judgment motion pursuant to Fed. R. Civ. P. 56, and not pursuant to Fed. R. Civ. P. 12(b)(1).

Plaintiff contends that the court improperly weighed the evidence in this case and made credibility

determinations beyond the scope of Rule 56.  Plaintiff further contends that, had the court used the Rule 56

standard, it would have found that genuine issues of material fact exist that preclude summary judgment.

Accordingly, plaintiff contends that the court should overrule defendants' summary judgment motion in order

to prevent manifest injustice to plaintiff.

Defendants contend that the court's March 24, 2006 Memorandum and Order is not erroneous,

and that, even analyzed under Rule 56, plaintiff's age discrimination claim fails.  Specifically, defendants

contend that the evidence does not establish that BRAD is subject to the ADEA or that defendants

discriminated against plaintiff because of his age.  Defendants have requested that the court deny plaintiff's

Motion for Reconsideration and further find that, even if BRAD is covered by the ADEA, plaintiff cannot

demonstrate that age discrimination occurred.

**II.     Standard for Motion to Reconsider**

Whether to grant or deny a motion for reconsideration is committed to the court's discretion.

*Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996); *Hancock v. City of*

*Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).  In exercising that discretion, courts have recognized

three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) availability of

new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Major v. Benton*,

647 F.2d 110, 112 (10th Cir. 1981); *Burnett v. W. Res., Inc.*, 929 F. Supp. 1349, 1360 (D. Kan. 1996);

*Marx v. Schnuck Mkts., Inc.*, 869 F. Supp. 895, 897 (D. Kan. 1994).

Appropriate circumstances for a motion to reconsider are where the court has obviously
misapprehended a party's position or the facts or the law, or the court has mistakenly
decided issues outside of those the parties presented for determination. A party's failure to
present its strongest case in the first instance does not entitle it to a second chance in the
form of a motion to reconsider.

*Burnett*, 929 F. Supp. at 1360 (citing *Anderson v. United Auto Workers*, 738 F. Supp. 441, 442 (D.

Kan. 1990); *Renfro v. City of Emporia, Kan*., 732 F. Supp. 1116, 1117 (D. Kan. 1990)). Moreover,

"[a] motion to reconsider is not a second chance for the losing party to make his strongest case or to dress

up arguments that previously failed." *Flake v. Hoskins*, 55 F. Supp. 2d 1196, 1203-04 (D. Kan. 1999).

## III.    Analysis

In *Arbaugh*, the Supreme Court recently held that:

[W]hen Congress does not rank a statutory limitation on coverage as jurisdictional, courts
should treat the restriction as nonjurisdictional in character. Applying that readily
administrable bright line . . . , we hold that the threshold number of employees for
application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue.

126 S. Ct. at 1245. As plaintiff has pointed out, similar to Title VII, the employee numerosity requirement of

the ADEA is in a separate section of the statute from the section conferring jurisdiction on the courts.

Moreover, courts have consistently applied Title VII precedent to ADEA cases. *See Whitten v. Farmland*

*Indus., Inc*., 759 F. Supp. 1522, 1531 (D. Kan. 1991).

However, even conceding that the court's analysis regarding the numerosity requirement under the

ADEA is substantive and not jurisdictional, the court finds that its decision on this issue would not be any

different. Specifically, the court stands by its holding that plaintiff cannot meet the numerosity requirements

of the ADEA. The court further stands by its holding that plaintiff failed to meet the standards set out to

establish either the existence of a single employer or joint employer relationship between BRAD and LPC.

In doing so, the court points out that it prepared the fact section set forth in the March 24, 2006

-3-

Memorandum and Order by using the Rule 56 standard of evaluating the record.  Although plaintiff claims

that the court improperly weighed the evidence in this case and made credibility determinations beyond the

scope of Rule 56 to arrive at its ruling, the court disagrees.

In fact, a close review of the court's March 24, 2006 Memorandum and Order demonstrates that

the court carefully examined the evidence in the record to reach its findings.  As the court noted, it construed

all of the facts in a light most favorable to plaintiff.  Although the court noted that the jurisdictional issue was

subject to the Rule 12(b)(1) standard, and that the court was permitted to resolve factual disputes in spite of

conflicting evidence, the court actually found little conflicting evidence in the record once it put aside

plaintiff's unsupported allegations and assumptions.  Such an approach to the facts is permissible under Rule

56.  *See Nichols v. Hurley*, 921 F.2d 1101, 1113 (10th Cir. 1990) (noting that "conclusory allegations

without specific supporting facts have no probative value") (quoting *Evers v. Gen. Motors Corp.*, 770 F.2d

984, 986 (11th Cir. 1985)); *see also Pegg v. Gen. Motors Corp.*, 785 F. Supp. 901, 904 (D. Kan. 1992)

(holding that the "[p]laintiff must come forth with specific facts to show a genuine issue of material fact; mere

assertions or conjecture as to intent or pretext is not enough to survive summary judgment").

Thus, even reviewing the record under the Rule 56 standards and viewing the evidence in a light

most favorable to plaintiff, the court stands by its holdings that (1) there is insufficient evidence to treat

BRAD and LPC as a single employer, and (2) there is insufficient evidence that BRAD and LPC acted as

joint employers.  It is undisputed that BRAD, by itself, does not employ enough employees to be covered

by the ADEA.  Accordingly, even considering the numerosity requirement as a substantive part of plaintiff's

claim under the ADEA, plaintiff has failed to demonstrate that any genuine issue of material fact precludes

summary judgment in this case.[1]

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Reconsideration (Doc. 67) is denied

for the reasons set forth above.

**IT IS FURTHER ORDERED** that this Memorandum and Order supplements the court's grant of

summary judgment contained in the March 24, 2006 Memorandum and Order.

Dated this 27th day of July 2006, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**

---

[1] Because the court finds that plaintiff cannot demonstrate the numerosity element of his claim, the court declines to further examine the merits of plaintiff's age discrimination claim.